ROBERTA. CHAISSON, Judge.
l2In this domestic proceeding, David LaFrance appeals a trial court judgment that found him in contempt and ordered him to pay attorney’s fees and the balance of a credit card debt. He additionally appeals the trial court’s choice of expert to conduct a custody evaluation. For the reasons that follow, we dismiss this appeal. PROCEDURAL HISTORY
On May 18, 2015, Mr. LaFrance filed a motion for appeal in the 24th Judicial District Court expressing his intent to appeal the April 27, 2015 judgment of the trial court that granted the motion for contempt, attorney’s fees, and costs filed by Michelle LaFrance. On June 2, 2015, the trial court granted Mr. LaFrance’s motion for appeal, and the record was lodged in this Court on August 18, 2015. This Court notified the parties that the record had been lodged and also advised them of the due dates for the appellate briefs. Specifically, Mr. LaFrance was informed that the appellant brief was due on September 14, 2015. On the date the |3brief was due, Mr. LaFrance filed a “First Motion for Extension of Time,” requesting an extension of fourteen days, or until September 28, 2015, in which to file a brief in this matter." This Court granted Mr. LaFrance’s motion for extension and gave him until September 28,. 2015, to file a brief. On September 25, 2015, Mr. LaFrance filed a “Second potion for Extension of Time,” requesting an additional fourteen days, or until October 12, 2015, in which to file a brief in this matter. This Court granted Mr. LaF-rance’s second motion for extension and gave him until October 12, 2015, in which to file a brief. On October 9, 2015, Mr. LaFrance filed a “Motion to Suspend Briefing Schedule and Motion for Leave to Supplement the Record.” In his motion, Mr. LaFrance maintained that his brief could not be completed by the October 12, 2015 deadline because the record was missing transcripts from proceedings subsequent to the judgment at issue, but necessary to the disposition of the appeal. On October 14, 2015, this Court denied Mr. LaFrance’s motion to suspend briefing schedule and to. supplement the record.
Thereafter, bn October 23, 2015, this Court sent Mr. LaFran'ce a letter advising him that the time delays for filing his appellate brief had passed and notifying him that the appeal would be dismissed as abandoned if his brief was not filed by November 23, 2015. Mr. LaFrance did *799 not file a brief by this deadline, but he did file one on December 2, 2015. Since Mr. LaFrance did not timely file his brief, Ms. LaFrance filed a motion to dismiss the appeal. Mr. LaFrance thereafter filed an opposition to the motion to dismiss, alleging that dismissal of the appeal would not be proper “because this matter is meritorious and because Appellant did not abandon his appeal nor intend to abandon it.” Mr. LaFrance maintained that'his counsel never received notice of the deadlines, and after checking with this 14Court and being informed that the deadline for filing a brief had passed, counsel diligently worked' to submit the brief as soon as possible.
DISCUSSION
Rule 2-8.6 of the Uniform Rules-Courts of Appeal provides for the abandonment of civil appeals as follows:
For civil appeals, if an appellant does not file a brief within the time prescribed by Rule 2-12.7 or any extension thereof granted by the court as provided by Rule 2-12.8, a notice shall be transmitted by the clerk to counsel for the appellant, or to the appellant if not represented, that the appeal shall be dismissed 30 days thereafter unless a brief is filed in the meantime. If an appellant does not file a brief within 30 days after such notice is transmitted, the appeal shall be dismissed as abandoned. Provided; however, that irrespective of the time limit provided’ in Rule 2-12.7 for the appellee to file a brief, the appellee’s brief shall be filed within 20 days from the due date shown on the notice of abandonment.
In the present case, this Court sent the required notice to counsel for Mr. LaFrance on October 23, 2015, advising counsel that if a brief was not filed by November 23, 2015, the appeal would be dismissed as abandoned. Mr. LaFrance did not file a brief by this deadline. In his opposition to the motion to dismiss, Mr. LaFrance asserts that he did not timely file his brief because “after moving for an extension of time and to supplement the record, notice of deadlines was not received by counsel.” We note that counsel, as evidenced by the motions filed in this Court, clearly had knowledge that Mr. LaFrance’s brief was originally due in this Court by September 14, 2015, and that he was thereafter granted extensions and given until October 12, 2015, to file his brief. Despite this. undisputed last known deadline," counsel did not file her brief until December 2, 2015, fifty-one Ifidays after 'the deadlines imposed by this Court had passed. Accordingly, this appeal is hereby dismissed.

APPEAL DISMISSED